ORIGINAL

# In the United States Court of Federal Claims

No. 15-1486C
(Filed: December 23, 2015)

**FILED**

NOT FOR PUBLICATION

DEC 2 3 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| MILTON THOMAS WALTON, | ) |
| | ) |
| Plaintiff, | ) Pro Se Complaint; Sua Sponte |
| | ) Dismissal for Lack of Subject Matter |
| v. | ) Jurisdiction under RCFC 12(h)(3); Not in |
| | ) Interest of Justice to Transfer Under 28 |
| THE UNITED STATES, | ) U.S.C. § 1631. |
| | ) |
| Defendant. | ) |
| | ) |

Milton Thomas Walton, Lexington, OK, pro se.

## ORDER AND ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

On December 8, 2015, plaintiff in the above-captioned case, Mr. Milton Thomas Walton, appearing pro se, filed a complaint in this court "pursuant to 28 USCA § 1491 Medical Malpractice." ECF No. 1. On that same date, plaintiff filed an application to appear in forma pauperis, seeking permission to proceed without paying the court's filing fee. ECF No. 3.

For the reasons explained more fully below, the court GRANTS the IFP application and finds that it lacks jurisdiction over Mr. Walton's complaint. The court further finds that it is not in the interest of justice to transfer the complaint to a district court. Accordingly, the court sua sponte **DISMISSES** plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).

I.    Plaintiff's Application to Proceed In Forma Pauperis

With his complaint, Mr. Walton also filed an application to proceed in forma pauperis (IFP). Appl. IFP, Dec. 8, 2015, ECF No. 3. Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees and security under certain

circumstances.[1]  See 28 U.S.C. § 1915(a)(1). As explained by the website maintained by the court regarding pro se information, "in forma pauperis" is defined as "[p]ermission to sue without prepayment of fees, given by the court to a person who does not have financial means to pay." See Pro Se Information, http://www.uscfc.uscourts.gov/pro-se-information (last visited Dec. 22, 2015).

Mr. Walton's application consisted of a motion, an affidavit affirming that he has no access to assets, and his prison account statement dating back to May 24, 2015. Id. Mr. Walton is a prisoner of the Lexington Correctional Center in Lexington, Oklahoma. See Appl. IFP 1.[2] A prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis—commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(2012). On review, the court does not find any civil action brought by Mr. Walton in forma pauperis that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Thus, Mr. Walton is not precluded from requesting that the filing fee be waived.

As of November 9, 2015, Mr. Walton's only assets amounted to $315.34, the sum in his prison account largely accumulated from gifts. Appl. IFP, 1, 4. The court concludes that Mr. Walton does not have sufficient resources to satisfy the court's filing fee. "[A]lthough [a] litigant need not be absolutely destitute, granting IFP status calls for showing that paying for the costs of the suit would make it difficult to afford the 'basic necessities of life.'" See Murphy v. United States, No. 14-536C, 2014 WL 3510222, at *1 n.1 (Fed. Cl. July 16, 2014) (quoting Williams v. Court Servs. & Offender Supervision Agency for D.C., 878 F. Supp. 2d 263, 266 (D.D.C. 2012)), recons. denied, No. 14-536C, 2014 WL 3841874 (2014).

---

[1]     The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 the United States Code, is deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

[2]     A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, [and] sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

Having made the requisite showing, Mr. Walton's IFP application is GRANTED.

II.    Legal Standards

A.    Evaluating Subject Matter Jurisdiction

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

Complaints filed by pro se plaintiffs are often held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). However, pro se plaintiffs must still meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

B.    Discussion

As set forth below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3), and the court finds that a transfer of plaintiff's case to another federal court is not appropriate.

### 1.    The Court Does Not Have Jurisdiction Over Plaintiff's Claims

Plaintiff's "tort claim of medical malpractice for negligence and or breach of contract" falls outside this court's jurisdiction.  Pl.'s Compl. 1; 28 U.S.C. § 1491(a)(1). Plaintiff's demand for compensation is based on allegations that a Dr. Charles R. Kuhn, a Major in the United States Air Force, performed a different surgery on Mr. Walton than what Mr. Walton had requested.  Pl.'s Compl. passim.  With his complaint, Mr. Walton also submitted a copy of a July 17, 2015 decision of the Board of Veteran's Appeals (The Board).  Pl.'s Compl. 10-13.  The Board determined that although no service treatment records of any surgery were available, there was sufficient evidence to show that Mr. Walton underwent surgery based on later physical examination records and the existence of a military travel order showing Mr. Walton was transferred to a hospital near the alleged date of his surgery.  Pl.'s Complaint 12 ("The Board thus finds that the evidence weighs in favor of a finding that the Veteran underwent surgery on the base of his penis while in service, and any residuals of that surgery are therefore eligible for service connection.").  The Board remanded Mr. Walton's case to the Department of Veterans Affairs Regional Office in Muskogee, Oklahoma, for further proceedings.  Mr. Walton states that he filed a claim in this court because he believes that "the [Veteran's Affairs] compensation claim was filed erroneously ...and ...that the claim on review will be denied again in the final analysis."  Pl.'s Compl. 13.

Mr. Walton seems to argue that upon his review of the records produced while his claim was on appeal, he now has a claim for Medical Malpractice for consideration by this court.  Id.  Plaintiff "invokes jurisdiction under, (28 § 1491) Medical Malpractice." Pl.'s Compl. 1.  But, plaintiff's claim sounds in tort, see Zhengxing v. United States, 71 Fed. Cl. 732, 739 (2006), aff'd, 204 F. App'x 885 (Fed. Cir. 2006), and the Tucker Act plainly excludes tort claims from the court's jurisdiction, 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214 (1993).

Accordingly, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

### 2.    Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631.  See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating

4

that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction).  Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought. . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade").  "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."  Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987)).

"A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'"  Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).  "The basic test ... for determining if a case should be transferred is whether it would be in 'the interest of justice' to do so."  Busby School of N. Cheyenne Tribe v. United States, 8 Cl. Ct. 588, 595 (1985).

Because Mr. Walton has previously brought his claim to the Department of Veterans Affairs, see supra Part II.B.1, and the appeal of that claim appears to be ongoing, it is not in the interest of justice to transfer this case to another venue for duplicative proceedings.[3]  Thus, transfer of this case is not appropriate.

III.    Conclusion

For the foregoing reasons, the court **GRANTS** the IFP application and finds that it lacks jurisdiction over plaintiff's claims.  The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction.  The Clerk of Court will enter judgment for defendant.  No costs.

---

[3]    The current status of Mr. Walton's Veterans' Affairs claim is unknown as the most recent information provided by Mr. Walton is from July 2015.  See Pl.'s Compl. 10-13.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge